UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **SHERELYNN LEHMAN**, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**CYLCOMM LLC, D/B/A DIRECT LODGING.COM,** a Florida limited liability company,<br><br>*Defendant*. | Case No. : 1:18-cv-2599<br><br>**COMPLAINT - CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Sherelynn Lehman, ("Lehman" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant Cylcomm LLC d/b/a DirectLodging.com ("Direct Lodging" or "Defendant") to: (1) stop Defendant's practice of sending unauthorized and unwanted fax advertisements; and (2) obtain redress for all persons and entities injured by its conduct. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### NATURE OF THE ACTION

1. Direct Lodging is a national company that offers vacation and travel packages to consumers.

2. In an attempt to generate sales leads, and ultimately increase its revenues, Direct Lodging created a fax-based marketing campaign wherein it sent numerous unsolicited faxes

advertising its products and services across the country.

3. Direct Lodging sent the fax advertisements at issue to Plaintiff and members of the Classes (defined below) despite: (i) having no previous relationship with them; and (ii) never receiving the recipients' consent to receive such faxes.

4. The Federal Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227 ("JFPA" or the "Act"), and the regulations promulgated under the Act, prohibits a person or entity from faxing, or having an agent fax, advertisements without the recipient's prior express consent, invitation, and permission. The JFPA provides a private right of action and provides statutory damages of $500 per violation, which, to the extent Defendant's misconduct is determined to be willful, the Court may treble under 47 U.S.C. § 227(b)(3).

5. The JFPA further requires that senders of faxed advertisements place a clear and conspicuous notice on the first page of the transmission that contains information regarding a recipient's right to not receive faxed advertisements, instructions on how to opt out of future transmissions, and informing recipients of the sender's obligation to comply with opt-out requests within a reasonable time. *See* 47 U.S.C. § 227(b)(2)(D); 47 C.F.R. § 64.1200(a)(4)(iii). The JFPA provides a private right of action and provides statutory damages of $500 per violation, which, to the extent Defendant's misconduct is determined to be willful, the Court may treble under 47 U.S.C. § 227(b)(3).

6. As such, Defendant's fax advertisements violate the JFPA, and caused Plaintiff and members of the Classes to suffer actual harm, including the aggravation and nuisance of receiving such faxes, the loss of use of their fax machines during the receipt of such faxes, increased labor expenses, and the loss of any ink and paper used to print them.

7. Accordingly, Plaintiff seeks an injunction requiring it to cease all unauthorized fax-based marketing activities, as well as an award of actual and statutory damages to the members of the Classes, along with costs and reasonable attorneys' fees.

## PARTIES

8. Plaintiff Lehman is a natural person and resident of Cuyahoga County, Ohio.

9. Defendant Direct Lodging is a limited liability company incorporated and existing under the laws of the State of Florida. Direct Lodging systemically and continuously conducts business throughout this District, the State of Ohio, and the United States. Direct Lodging can be served through its registered agent, Registered Agents Inc., located at 3030 N. Rocky Point Dr., Ste 150a, Tampa, Florida 33607.

## JURISDICTION & VENUE

10. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, a federal statute.

11. The Court has personal jurisdiction over Direct Lodging and venue is proper in this District because the wrongful conduct giving rise to Plaintiff's cause of action occurred in, or was directed to, this District. Additionally, venue is proper in this District because Plaintiff resides in this District.

12. In addition, Direct Lodging availed itself to the jurisdiction of the State of Ohio by transmitting the unauthorized fax advertisements to Plaintiff and Class Members in this District, directing its marketing efforts toward this District, soliciting customers in this District, and entering into business contracts in this District. *See Advanced Dermatology v. Adv-Care Pharmacy, Inc.*, 1:17 CV 251, 2017 WL 5067576 (N.D. Ohio, Oct. 31, 2017) (Nugent, J.).

## COMMON ALLEGATIONS OF FACT

13. Direct Lodging sells vacation and travel packages to consumers.

14. In order to boost sales and increase its revenues, Direct Lodging sends numerous faxes advertising its travel services.

15. Direct Lodging sends these fax advertisements to individuals and businesses with which it has no prior relationship, and without their permission or consent, in violation of the JFPA.

16. The faxes sent by Direct Lodging constitute advertisements because they promote the commercial availability and quality of Defendant's travel services.

17. The faxes sent by Direct Lodging did not have a clear and conspicuous notice on the first page of the transmission that contains information regarding a recipient's right to not receive faxed advertisements and informing recipients of the sender's obligation to comply with opt-out requests within a reasonable time.

18. Direct Lodging used a telephone facsimile machine, computer or other device to send the fax advertisements at issue.

## FACTS SPECIFIC TO PLAINTIFF LEHMAN

19. On May 2, 2017, Direct Lodging used a telephone facsimile machine to send an unsolicited fax advertisement to Plaintiff Lehman. (A true and accurate copy of the May 2, 2017 fax advertisement is attached hereto as Exhibit A.

20. Defendant's fax promoted its travel services. (See Ex. A.)

21. Plaintiff Lehman had no prior business relationship with Direct Lodging and had never provided it with consent to receive advertisements through any medium, let alone facsimiles.

22. Direct Lodging created the content of the fax advertisements and transmitted them to Plaintiff and members of the Classes with the intention of generating sales and increasing its revenues.

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) individually, and on behalf of, two classes defined as follows:

> **No Consent Class**: All persons and entities who (i) in the four years preceding the filing of this action, (ii) received a telephone facsimile advertisement, (iii) sent by, or on behalf of, Direct Lodging, (iv) for whom Direct Lodging did not have a record of prior express consent to send the facsimile advertisements at the time they were sent.
>
> **Opt-Out Class**: All persons and entities who (i) in the four years preceding the filing of this action, (ii) received an unsolicited telephone facsimile advertisement, (iii) sent by, or on behalf of, Direct Lodging, (iv) for whom Direct Lodging did not have a record of prior express consent to send the facsimile advertisements at the time they were sent, (v) where such facsimile advertisement failed to contain the required opt-out notice.

24. The following people are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Direct Lodging, Direct Lodging's subsidiaries, parents, successors, predecessors, and any entity in which Direct Lodging or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

25. **Numerosity**: The exact size of the Classes is unknown and unavailable to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Direct Lodging faxed unsolicited advertisements to hundreds or thousands of individuals

5

and entities who fall into the definition of the Classes. Class membership can be easily determined from Defendant's records.

26. **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Classes. Plaintiff is a member of the Classes, and if Direct Lodging violated the JFPA with respect to Plaintiff, then it violated the JFPA with respect to the other members of the Classes. Plaintiff and members of the Classes sustained damages as a result of Defendant's uniform wrongful conduct.

27. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

    **No Consent Class:**

    a. How Direct Lodging gathered, compiled, or obtained the fax numbers of Plaintiff and the No Consent Class;

    b. Whether Defendant's faxes advertised the commercial availability or quality of property, goods, or services;

    c. Whether Direct Lodging sent the fax advertisements without first obtaining Plaintiff and the No Consent Class's prior express consent to do so;

    d. Whether Direct Lodging sent the fax advertisements without first obtaining Plaintiff and the No Consent Class's prior permission or invitation to do so; and

    e. Whether Defendant's conduct was willful such that Plaintiff and the No Consent Class are entitled to treble damages.

**Opt-Out Class:**

a. Whether Defendant's faxes advertised the commercial availability or quality of property, goods, or services;

b. Whether Defendant's faxes complied with the opt-out notice requirements of 47 U.S.C. § 227(b)(1)(C)(iii), and the regulations promulgated thereunder; and

c. Whether Defendant's conduct was willful such that Plaintiff and the Opt-Out Class are entitled to treble damages.

28. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Classes, and Direct Lodging has no defenses unique to Plaintiff.

29. **Policies Generally Applicable to the Classes**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes as wholes, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final injunctive relief appropriate with respect to the Classes as a whole. Defendant's practices challenged herein apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff.

30. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable. The damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and

expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this case. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions ensured.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the No Consent Class)**

31. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

32. The JFPA makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement. . . ." 47 U.S.C. § 227(b)(1)(C).

33. The JFPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

34. The faxes sent by Direct Lodging advertised the commercial availability and quality of its goods and services and were commercial in nature. Therefore, Defendant's faxes are advertisements under the JFPA.

35. Direct Lodging sent the facsimile advertisements at issue to Plaintiff and

members of the No Consent Class without their prior express invitation or consent, and despite the lack of any prior business relationship between it and members of the No Consent Class.

36. By sending the unsolicited advertisement faxes at issue to Plaintiff and members of the No Consent Class without their prior express consent, Direct Lodging violated 47 U.S.C. § 227(b)(1)(C).

37. As a result of Defendant's conduct, Plaintiff and members of the No Consent Class suffered actual damages, including the conversion or loss of paper and toner consumed in the printing of the faxes, the loss of use of the recipients' fax machines during the time required to receive, review and route the unauthorized faxes, as well as increased labor expenses.

38. Plaintiff and the No Consent Class are therefore entitled to a minimum of $500 in damages for each violation under 47 U.S.C. § 227(b)(3)(B). To the extent Defendant's misconduct is determined to be willful, the Court should treble the amount of statutory damages under 47 U.S.C. § 227(b)(3). The standard for finding willful "intent for treble damages does not require any malicious or wanton conduct, but rather is satisfied by merely 'knowing' conduct." *Alea London Ltd. v. Am. Home Servs., Inc.*, 638 F.3d 768, 776 (11 Cir. 2011).

39. Additionally, as a result of Defendant's unlawful conduct, Plaintiff and the other members of the No Consent Class are entitled to an injunction under 47 U.S.C. § 227(b)(3)(A), to ensure that Defendant's violations of the JFPA do not continue into the future.

### SECOND CAUSE OF ACTION
### Violation of 47 U.S.C. § 227
### (**On Behalf of Plaintiff and the Opt-Out Class**)

40. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

41. The JFPA mandates that senders of faxed advertisements place a clear and conspicuous notice on the first page of the transmission that contains information regarding a

recipient's right to not receive faxed advertisements, as well as instructions on how to opt out of future transmissions. *See* 47 U.S.C. § 227(b)(2)(D); 47 C.F.R. § 64.1200(a)(4)(iii).

42. The faxes sent by Direct Lodging advertised the commercial availability and quality of its goods and services and were commercial in nature. Therefore, Defendant's faxes are advertisements under the JFPA.

43. Direct Lodging sent facsimile advertisements to Plaintiff and the Opt-Out Class that failed to contain the requisite opt-out notices. Specifically, the faxes failed to contain language that: (i) informed fax recipients of their legal right to opt out of receiving future facsimile advertisements; (ii) identified a facsimile number for fax recipients to transmit their opt-out requests to Direct Lodging; and (iii) informed recipients of Defendant's own obligation to comply with opt-out requests within a reasonable time.

44. Defendant's failure to include the opt-out notice information required by the JFPA deprived Plaintiff and members of the Opt-Out Class of the ability to make informed decisions with respect to their legal right to not receive faxed advertisements and denied them of the information necessary to opt out of receiving future fax advertisements.

45. By sending the advertisement faxes at issue to Plaintiff and members of the Opt-Out Class without the opt-out information required by the JFPA, Direct Lodging violated 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4).

46. Plaintiff and the Opt-Out Class are therefore entitled to a minimum of $500 in damages for each violation under 47 U.S.C. § 227(b)(3)(B). To the extent Defendant's misconduct is determined to be willful, the Court should treble the amount of statutory damages under 47 U.S.C. § 227(b)(3). The standard for finding willful "intent for treble damages does not require any malicious or wanton conduct, but rather is satisfied by merely 'knowing' conduct."

*Alea London Ltd. v. Am. Home Servs., Inc.*, 638 F.3d 768, 776 (11 Cir. 2011).

47. Additionally, as a result of Defendant's unlawful conduct, Plaintiff and the other members of the Opt-Out Class are entitled to an injunction under 47 U.S.C. § 227(b)(3)(A), to ensure that Defendant's violations of the JFPA do not continue into the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Lehman on behalf of herself and the Classes, prays for the following relief:

1. An order certifying the Classes as defined above, appointing Lehman as the representative of the Classes, and appointing her counsel as Class Counsel;

2. An order declaring that Defendant's actions, as set out above, violate the JFPA;

3. An order declaring that Defendant's faxes constitute unsolicited advertisements, and that Direct Lodging sent the faxes without first obtaining prior express invitation, permission or consent of the recipients, and enjoining Direct Lodging from further violations, and otherwise protecting the interests of the Classes;

4. An award of actual and statutory damages;

5. An award of pre-judgment interest;

6. An award of reasonable attorneys' fees and costs; and

7. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

**SHERELYNN LEHMAN**, individually and on behalf of all others similarly situated

Dated: November 12, 2018     By:   /s/Adam T. Savett
                                      One of Plaintiff's Attorneys

Adam T. Savett (VA73387)
**SAVETT LAW OFFICES LLC**
2764 Carole Lane
Allentown Pennsylvania 18104
Telephone: (610) 621-4550
Facsimile: (610) 978-2970
E-mail: adam@savettlaw.com

*Attorneys for Plaintiff and the Putative Classes*

# Exhibit A

2-May-2017 11:14  From (855) 361-0633. To 12168314137  (855) 361-0633  p.1

ALL PACKAGES ARE OPEN DATED AND HAVE NO BLACKOUT DATES * CALL NOW AND RESERVE YOUR VACATION

~~$179/Person~~  **$129/Person**  Reservation Code: MDL-502

# MOTHERS DAY SPECIAL
## CHILDREN UNDER 12 STAY AND EAT FREE!

### 6 Days 5 nights ALL INCLUSIVE Vacation Getaways

**LOCATIONS INCLUDE**

- CANCUN
- RIVIERA MAYA
- PUERTO VALLARTA
- CABO SAN LUCAS
- DOMINICAN REPUBLIC
- JAMAICA
- BAHAMAS
- ST. MARTIN

 **FOR BOOKING AND RESERVATIONS CALL** 

**TOLL (877) 733-4401 FREE**

### INCLUDED IN VACATION PACKAGE

- 4-5 STAR RATED OCEAN-FRONT RESORT
- ALL MEALS (INCLUDING 5-STAR DINING)
- PREMIUM ALCOHOL
- NO BLACKOUT DATES
- 24 HOUR ROOM SERVICE
- ALL NON-MOTORIZED WATER SPORTS (SNORKELING, KAYAKING, SAILING, SURFING)
- SWIMMING WITH THE DOLPHINS

To remove your fax from our distribution call (855) 361-0633

**CALL TODAY AND RECEIVE A**
**FREE 4-DAY/3-NIGHT ORLANDO OR LAS VEGAS VACATION**
Purchase of vacation package required to be eligible to receive gifts
Orlando vacation includes choice of 2 **FREE** Universal or Disney Park Tickets